

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE CO.<br>175 Berkeley Street<br>Boston, Massachusetts 02116<br><br>Plaintiff<br><br>v.<br><br>ERIN W. ANDERSON<br>6221 Homespun Lane<br>Falls Church, Virginia 22044<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _1:10cv669 GBL/IDD_ |

## COMPLAINT

COMES NOW Liberty Mutual Insurance Company ("Liberty Mutual"), Plaintiff, by its undersigned counsel, sues Erin W. Anderson, Defendant, and, upon information and belief, states as follows:

### PARTIES

1. Liberty Mutual is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Liberty Mutual is authorized and licensed to act as a surety in the Commonwealth of Virginia.

2. Defendant, Erin W. Anderson ("Ms. Anderson"), is a citizen of the Commonwealth of Virginia who resides at 6221 Homespun Lane, Falls Church, Virginia.

## JURISDICTION AND VENUE

3. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C. § 1332 as all the parties to this litigation are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) as the Defendant resides in Falls Church, Virginia which is within this judicial district.

## FACTS COMMON TO ALL COUNTS

5. By Order dated January 28, 2005, Ms. Anderson was appointed guardian for the person of William Robertson and conservator of the estate of William Robinson by the Circuit Court for Fairfax County ("Robertson Order"). A true and accurate copy of the Robertson Order is attached hereto, and incorporated herein, as Exhibit A.

6. Ms. Anderson is an attorney and a member of the bar of the Commonwealth of Virginia.

7. By Order dated January 28, 2005 ("Bailey Order"), Ms. Anderson was appointed guardian for the person of Mildred Bailey and conservator of the estate of Mildred Bailey by the Circuit Court for Fairfax County. A true and accurate copy of the Bailey Order is attached hereto, and incorporated herein, as Exhibit B.

8. The Robertson Order and the Bailey Order required that Ms. Anderson post two bonds in the penal sum of One Million Dollars ($1,000,000.00) each for the faithful performance of Ms. Anderson's duties as conservator of the estates of Mr. Robertson and Ms. Bailey. See Exhibits A and B.

9. On or about January 28, 2005, Liberty Mutual, as surety, issued two Fiduciary's Bonds ("Bonds") on behalf of Ms. Anderson, as principal, in favor of the

Commonwealth of Virginia, as obligee, in the amount of One Million Dollars ($1,000,000.00) each in connection with Ms. Anderson's appointment as conservator of the estates of Mr. Robertson and Ms. Bailey. True and accurate copies of the Bonds are attached hereto, and incorporated herein, collectively, as Exhibit C.

10. The Bonds states that, Ms. Anderson "shall faithfully perform all duties of said fiduciary office." See Exhibit C.

11. On January 28, 2005, and in consideration, *inter alia*, of the provision of the Bonds on behalf of Ms. Anderson, Ms. Anderson executed two Agreements of Indemnity in favor of Liberty Mutual ("Agreement of Indemnity"). Both Agreements of Indemnity were executed on the same form. True and accurate copies of the Agreements of Indemnity are attached hereto and incorporated herein, collectively, as Exhibit D.

12. In executing the Agreements of Indemnity, Ms. Anderson agreed:

> ...(3) to exonerate and indemnify [Liberty Mutual] from and against all claims, losses, liability, damages of any type (including punitive), costs, fees, expenses, suits, orders, judgments, or adjudications whatsoever which [Liberty Mutual] may incur in any manner related to the extension of surety credit, including the enforcement of the agreements contained herein and any matter subject to any bankruptcy court (collectively "LOSS")...

> ...(4) That [Liberty Mutual] shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, suit or judgment upon Bond or in connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of such payment, settlement or compromise, whether [Liberty Mutual] was liable therefor or not, shall be prima facie evidence of the fact and extent of [Ms. Anderson]'s liability...

> ...(5) to place [Liberty Mutual] in funds immediately upon demand, the amount [Liberty Mutual] deems necessary to protect itself from any LOSS or potential LOSS, whether or not [Liberty Mutual] has made payment or posted a reserve, [Liberty Mutual] having the right to use all or part of these funds in payment or

> settlement of any LOSS or reimbursement to [Liberty Mutual] for payment of same...

See Exhibit D (Emphasis in original).

13. On October 4, 2006, upon the request of Ms. Anderson, the penal sum of the Bond issued in connection with the estate of Mr. Robertson was increased to One Million Two Hundred Ninety Three Thousand Dollars ($1,293,000.00). See Exhibit C.

14. On March 28, 2008, Ms. Anderson was removed as conservator of the estates of Mr. Robertson and Ms. Bailey, and as guardian of the person of Mr. Robertson by the Circuit Court for Fairfax County pursuant to her resignation from those positions.

15. On June 3, 2008, James McConville was appointed as successor to Ms. Anderson.

16. At the request of Mr. McConville, the Commissioner of Accounts for the 19th Virginia Judicial Circuit, John H. Rust, Jr., initiated an inquiry into the actions of Ms. Anderson in discharging her fiduciary duties as conservator and guardian for Mr. Robertson and Ms. Bailey.

17. On November 11, 2008, a hearing was held at the office of the Commissioner of Accounts for the purpose of "receiving proof concerning objections to the accounts filed and fiduciary fees taken by Erin W. Anderson, the previous conservator and guardian for" Mr. Robertson and Ms. Bailey. A true and accurate copy of the Report of the Commissioner of Accounts ("Report") is attached hereto, and incorporated herein, as Exhibit E.

18. Ms. Anderson appeared at the November 11, 2008 hearing, was provided an opportunity to present evidence, but declined to do so and invoked her rights under the Fifth Amendment to the United States Constitution. See Exhibit E at p. 1.

19. At the conclusion of the November 11, 2008 hearing, the Commissioner of Accounts informed Ms. Anderson that the hearing record would be left open to provide Ms. Anderson with an opportunity to submit a written response to the issues raised at the hearing. Subsequent to the November 11, 2008 hearing, the Commissioner of Accounts received correspondence from Ms. Anderson which purported to address the issues raised at the November 11, 2008 hearing. See Exhibit E at p. 2.

20. On April 29, 2009, the Commissioner of Accounts issued his Report. See Exhibit E.

21. Ms. Anderson was provided with a copy of the Report by the Commissioner of Accounts. See Exhibit E.

22. The Commissioner of Accounts summed up the Report as follows:

> Your commissioner is of the opinion that Ms. Anderson is entitled to a total fiduciary fee for her services as conservator and guardian in the total amount of $66,371.72, after deduction for the aforesaid penalties, delinquency fees and interest. Ms. Anderson collected $310,298.00 in fiduciary compensation. Therefore, Ms. Anderson is directed to reimburse the Wards' estate in the amount of $243,926.28.

See Exhibit E at p. 13.

23. The Commissioner of Accounts also stated in the Report that Ms. Anderson should be further surcharged in the amount of $66,080.82, in addition to the $243,926.28, if she failed to provide further documentation regarding certain expenditures of funds made by Ms. Anderson. See Exhibit E at p. 16.

24. As surety for Ms. Anderson, Liberty Mutual was liable to satisfy any judgment or order entered by the Circuit Court for Fairfax County.

25. On May 12, 2009, Liberty Mutual wrote to Ms. Anderson and demanded, pursuant to its rights under the Agreement of Indemnity, that Ms. Anderson immediately deposit $314,506.24 with Liberty Mutual to secure it against any loss that it might incur as a result of the issuance of the Bonds on behalf of Ms. Anderson. A copy of the May 12, 2009 letter is attached hereto, and incorporated herein, as Exhibit F.

26. Liberty Mutual received no response to its May 12, 2009 letter.

27. On May 15, 2009, the Circuit Court for Fairfax County issued three Orders directing Mr. McConville to file a civil action in that court to resolve the matters set forth in the Report.

28. On June 12, 2009, pursuant to the May 15, 2009 Orders, Mr. McConville filed a civil action against Ms. Anderson for breach of fiduciary duty based upon the findings and recommendations in the Report.

29. On June 26, 2009, the Commissioner of Accounts filed a second report ("Second Report") regarding Ms. Anderson's performance as fiduciary to Mr. Robertson and Ms. Bailey. A true and accurate copy of the Second Report is attached hereto, and incorporated herein, as Exhibit G.

30. On January 7, 2010, by consent of Ms. Anderson and Mr. McConville, the Circuit Court for Fairfax County entered a "Final Order" ("Final Order") accepting without limitation the Report and Second Report and the recommendations set forth therein. A true and accurate copy of the Final Order is attached hereto, and incorporated herein, as Exhibit H.

31. The Final Order directed Ms. Anderson and Liberty Mutual to pay $275,140.28 to the estates of Mr. Robertson and Ms. Bailey as reimbursement for excess

fiduciary fees taken by Ms. Anderson and for unauthorized expenditures by Ms. Anderson. See Exhibit H.

32. Page 3 of the Final Order states "WE ASK FOR THIS" and is signed by Dale Edward Sanders, Esq., counsel for Ms. Anderson. See Exhibit H.

33. By check dated March 12, 2010 in the amount of $275,140.28, payable to "James McConville as Successor Conservator and Curator" and tendered to Mr. McConville, Liberty Mutual satisfied the Final Order on behalf of Ms. Anderson.

34. As a result of Ms. Anderson's failure to properly fulfill her fiduciary duties, Liberty Mutual was compelled to hire counsel to defend its interests in the matter brought by the Conservator of Accounts against Ms. Anderson and the Bonds.

35. As a result of hiring counsel, Liberty Mutual has incurred significant attorneys' fees.

36. Pursuant to the Agreement of Indemnity, Ms. Anderson is liable to reimburse Liberty Mutual for all of its attorneys' fees.

## COUNT I
## BREACH OF CONTRACT

37. Liberty Mutual repeats and realleges each and every allegation contained in Paragraphs 1 through 36 above, which are set forth again and are incorporated herein.

38. In executing the Agreement of Indemnity, Ms. Anderson promised "to place [Liberty Mutual] in funds immediately upon demand..." See Exhibit D.

39. Despite demand by Liberty Mutual, Ms. Anderson has failed and refused to deposit funds with Liberty Mutual.

40. Ms. Anderson's failure to deposit funds with Liberty Mutual upon demand constitutes a breach of the Agreement of Indemnity.

41. As a result of Ms. Anderson's breach of the Agreement of Indemnity, Liberty Mutual has suffered damages in the amount of Two Hundred Seventy Five Thousand One Hundred Forty Dollars and Twenty Eight Cents ($275,140.28) plus interest, and attorneys' fees in the amount of Eight Thousand Five Hundred Eighteen Dollars and Forty Eight Cents ($8,518.48).

WHEREFORE, Liberty Mutual demands a judgment in its favor and against Ms. Anderson in the amount of Two Hundred Seventy Five Thousand One Hundred Forty Dollars and Twenty Eight Cents ($275,140.28), plus attorneys' fees incurred by Liberty Mutual as of the date of the filing of this Complaint in the amount of Eight Thousand Five Hundred Eighteen Dollars and Forty Eight Cents ($8,518.48), for a total judgment of Two Hundred Eighty Three Thousand Six Hundred Fifty Eight Dollars and Seventy Six Cents ($283,658.76), plus prejudgment and post judgment interest at the legal rate, and additional attorneys' fees incurred by Liberty Mutual as a result of the filing of this action, and any other and further relief this court deems just.

## COUNT II
## COMMON LAW INDEMNITY

42. Liberty Mutual repeats and realleges each and every allegation contained in Paragraphs 1 through 41 which are set forth again and are incorporated herein.

43. Liberty Mutual is entitled to judgment against Ms. Anderson in the amount of any loss, cost and expense it incurs or sustains under the Bond by operation of law.

WHEREFORE, Liberty Mutual demands judgment against Ms. Anderson and in its favor in the amount of Two Hundred Seventy Five Thousand One Hundred Forty

Dollars and Twenty Eight Cents ($275,140.28), plus prejudgment and post judgment interest at the legal rate, and any other and further relief that this Court deems just.

## COUNT III
## CONTRACTUAL INDEMNITY

44. Liberty Mutual repeats and realleges each and every allegation contained in Paragraphs 1 through 43 which are set forth again and are incorporated herein.

45. Pursuant to the terms of the Agreement of Indemnity, Liberty Mutual is entitled to judgment against Ms. Anderson in an amount sufficient to fully and completely indemnify it against, and reimburse it for all loss, costs and expenses incurred, including, but not limited to, attorneys' fees pursuant to the terms of the Agreement of Indemnity.

WHEREFORE, Liberty Mutual demands a judgment in its favor and against Ms. Anderson in the amount of Two Hundred Seventy Five Thousand One Hundred Forty Dollars and Twenty Eight Cents ($275,140.28), plus attorneys' fees incurred by Liberty Mutual as of the date of the filing of this Complaint in the amount of Eight Thousand Five Hundred Eighteen Dollars and Forty Eight Cents ($8,518.48), for a total judgment of Two Hundred Eighty Three Thousand Six Hundred Fifty Eight Dollars and Seventy Six Cents ($283,658.76), plus prejudgment and post judgment interest at the legal rate, and additional attorneys' fees incurred by Liberty Mutual as a result of the filing of this action, and any other and further relief this court deems just.

LIBERTY MUTUAL INSURANCE COMPANY
By Counsel

/s/
Ralph D. Rinaldi, Esq.
Virginia State Bar # 38751
Cowles, Rinaldi, Judkins & Korjus, Ltd.
10521 Judicial Drive, Suite 204
Fairfax, Virginia  22030
(703) 385-9060 (o)
(703) 385-4353 (f)
E-mail: Ralph@cowleslaw.com
Counsel for Plaintiff, Liberty Mutual Insurance Company

*Of Counsel*

Patrick M. Pike, Esq.
Sean P. Foley, Esq.
Pike & Gilliss, LLC
9475 Deereco Road, Suite 300
Timonium, Maryland 21093